IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arthur James Mungo Jr., <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:05-cr-01042-TLW <br> C/A No. 4:14-cv-02427-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Arthur James Mungo Jr. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to (1) Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 500 Grams or More of Cocaine; and (2) Possession of a Firearm During and in Relation to a Drug Trafficking Crime, and he was sentenced to 210 months incarceration on June 1, 2006.[1] The PSR reflects that he was sentenced as a career offender under the sentencing guidelines because he had two prior predicate convictions—Assault and Battery of a High and Aggravated Nature ("ABHAN") and Possession With Intent to Distribute Marijuana. He has filed a petition under 28 U.S.C. § 2255 in which he argues that his ABHAN conviction no longer qualifies as a predicate offense under the decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

---

[1] On October 7, 2009, his sentence was reduced to 180 months pursuant to Amendment 706 to the sentencing guidelines.

1

ECF No. 281.

The Court held the petition in abeyance pending the Fourth Circuit's *en banc* consideration of the panel opinion in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). ECF No. 283. After the Fourth Circuit issued its *en banc* opinion in *Whiteside v. United States*, ___ F.3d ___, 2014 WL 7245453 (4th Cir. 2014) (en banc), this Court lifted the abeyance order and directed the Government to respond to the § 2255 petition. ECF No. 286.

The Government filed a Motion to Dismiss, asserting that the petition should be dismissed as untimely. ECF No. 289. Petitioner filed a response in which he agreed that the Government's position was correct and that the Court "has no choice but to dismiss [his] action." ECF No. 292.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the

rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

### III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### IV. Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely, and Petitioner agrees that the Government's position is correct. The Court also agrees.

The judgment in his direct appeal was issued on December 17, 2007, giving him until March 17, 2008 to file a petition for writ of certiorari to the Supreme Court, which he did not do. Thus, his one-year statute of limitations to file a § 2255 petition began to run on March 17, 2008. He did not file this petition until June 18, 2014—over six years later.

3

In his petition, he argued that equitable tolling should apply to toll the statute of limitations. However, as he acknowledges, that argument has now been foreclosed by the *en banc Whiteside* opinion. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case and his petition must be dismissed as untimely.

## V.   Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 289, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 281, is **DENIED**. This action is hereby **DISMISSED**.

Petitioner requests a certificate of appealability to pursue this issue in the appellate courts, as *Whiteside* is not yet final and may be appealed to the Supreme Court. The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 30, 2015
Columbia, South Carolina

4