IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arthur James Mungo Jr., <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:05-cr-01042-TLW-6 <br> C/A No. 4:16-cv-02084-TLW <br><br><br> **Order** |

Petitioner Arthur James Mungo Jr. pled guilty to charges of drug conspiracy (Count 1) and possession of a firearm during and in relation to a drug trafficking crime (Count 2), and he was sentenced as a career offender to 210 months imprisonment.[1] ECF No. 171. In his § 2255 petition, he asserts that he should be resentenced without the application of the career offender enhancement. He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the career offender sentencing guideline, formerly found at § 4B1.2(a)(2).[2]

The Supreme Court has now foreclosed Petitioner's argument, holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding

---

[1] He received a downward departure at sentencing pursuant to the Government's motion under § 5K1.1.

[2] After the *Johnson* decision, the career offender guideline was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

1

that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255). Accordingly, Petitioner's petition for relief pursuant to § 2255, ECF No. 316, is **DENIED**. This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing in light of *Beckles*, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 9, 2017
Columbia, South Carolina

---

[3] The Court did not require the Government to file a post-*Beckles* response in this case because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). However, the Court notes that the Government filed a response in a similar § 2255 case, asserting that the petition should be denied in light of *Beckles*. *See Swinton v. United States*, No. 4:08-cr-00368-TLW-1, ECF No. 356.