IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:05-cr-01042-TLW-6 |
| v. | **Order** |
| Arthur James Mungo Jr. | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to two counts: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), and 846 (Count 1); and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count 2). His statutory sentencing ranges were 10 years-to-Life, followed by at least 5 years of supervised release (Count 1); and 5 years-to-Life consecutive, followed by up to 5 years of supervised release (Count 2). PSR ¶¶ 89, 93.

At sentencing, Defendant was held accountable for 1.5 kilograms of crack. PSR ¶ 42. His Guidelines range—after taking into account his career offender designation and his § 924(c) conviction—was 352–425 months, followed by 5 years of supervised release. PSR ¶¶ 90, 96. The Court granted the Government's motion for a downward

departure and departed five levels to a Guidelines range of 188–235 months (31/VI),[1] and ultimately imposed a sentence of 210 months incarceration on both counts, followed by a 5-year term of supervised release on both counts. ECF No. 171. The Court later reduced his sentence of imprisonment to 180 months pursuant to a Guidelines amendment. ECF No. 226. BOP records reflect that he was released from custody on August 21, 2018.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in

---

[1] His initial Guidelines range of 352–425 months under § 4B1.1(c)(2)(A) roughly corresponded to a Guidelines range on the sentencing table of 324–405 months (36/VI).

this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (1.5 kilograms) that would have supported a charge to the current threshold amount (280 grams); (2) he was convicted on a § 924(c) count; (3) he has a significant criminal history, including convictions for drug possession and distribution, assault and battery, and assault and battery of a high and aggravated nature; (4) he was on probation when he committed the instant offense; and (5) he remains a career offender. For these reasons, the Court declines to reduce his term of supervised release, and his motion, ECF No. 329, is therefore **DENIED**.

**IT IS SO ORDERED.**

                                                    *s/ Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

January 3, 2020
Columbia, South Carolina